# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

FIRST DISTRICT—MARCH TERM, 1898.

## John F. Brady v. George Horvath.

1. NEW TRIALS—*In Chancery—Diligence to Discover Evidence.*—A statement in a bill for a new trial, that the complainant used all the diligence in his power to procure the evidence necessary to defeat the suit in which judgment against him had been obtained, is not sufficient; the facts in regard to the diligence used must be set out so that the court can determine whether proper diligence has been exercised.

**Bill to Restrain the Collection of a Judgment.**—Trial in the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Decree dismissing the bill. Appeal by complainants. Heard in this court at the March term, 1898. Affirmed. Opinion filed November 18, 1898.

JOHNSON & McDANNOLD, attorneys for appellant.

No appearance for appellee.

MR. JUSTICE HORTON delivered the opinion of the court.

In this case a bill was filed to restrain the collection of a judgment entered in the Circuit Court of Cook County in favor of appellee and against appellant. That judgment was affirmed in this court, and in the Supreme Court upon appeal by the appellant herein.

The theory of this bill is, that appellant was not indebted to appellee, and that by the exercise of due diligence he was

unable to obtain the testimony, at the time of the trial and entry of judgment, to defeat appellee's claim, but that he has since discovered such testimony.

If we understand the case correctly, appellee claimed that the sum of $2,000, which he should have received, came into the hands of appellant; that appellant paid him $500 on account thereof and gave him a note for the remaining $1,500, to which appellant signed the name "M. Ottens & Company."

In this bill appellant states that he never affixed the signature to said note; that he was never in any manner connected with said M. Ottens & Company; that he was not the agent or representative of that firm at Cleveland, Ohio; that he never paid appellee any money; and that he never at any time promised to pay appellee any sum whatever. Appellant nowhere states that said sum of $2,000, which appellee says he (appellee) should have received, did not come into the hands of appellant. True, he says in his bill "that he never at any time had any dealings with" appellee. The contention is that the money came into appellant's hands, not from appellee directly, or by reason of any dealings between them personally, but that that amount of money which belonged to appellee came into appellant's hands, and this is nowhere denied. Just how it came into his hands is not definitely stated. That is not material. If appellant did not receive the amount of money as charged which belonged to appellee, he should have so stated definitely. He has not done so.

This bill states that appellant "used all the diligence in his power to procure the evidence necessary to defeat said cause," referring to the suit in which said judgment was obtained. That averment is not sufficient. The facts in regard to diligence must be set out so that the court can determine whether proper diligence has been exercised. That is not done in this bill.

The demurrer to the bill was therefore properly sustained. No other point is presented by appellant in his brief and argument.

The judgment of the Circuit Court is affirmed.